**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

ATIF BABAR MALIK,            )
                                 )
                 Petitioner,    )     Civil Action No. 3:22-cv-59
                                 )
         v.                )
                                 )     Magistrate Judge Patricia L. Dodge
R. BARLETTE,              )
                                 )
               Respondent.   )

**<u>MEMORANDUM</u>**

Pending before the Court[1] is a Petition for a Writ of Habeas Corpus (ECF 1) filed by Dr. Atif Babar Malik under 28 U.S.C. § 2241 in which he challenges how the Federal Bureau of Prisons ("BOP") is carrying out his sentence. For the reasons set forth below, the Court will dismiss the Petition because it is moot.

**I.    Relevant Background**

In 2018, the United States District Court for the District of Maryland sentenced Dr. Malik to a 96-month prison sentence stemming from convictions for: conspiracy to violate the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b, *et seq.* ("AKS") and the Travel Act, 18 U.S.C. § 1952, in violation of 18 U.S.C. § 371; the receipt of unlawful remuneration, in violation of the AKS; violations of the Travel Act; health care fraud, in violation of 18 U.S.C. § 1347; and conspiracy to defraud the Internal Revenue Service, in violation of 18 U.S.C. § 371. The BOP housed Dr. Malik in FCI Loretto, which is located within the territorial boundaries of the Western District of Pennsylvania.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

In April 2022, Malik filed the pending Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF 1). In the Petition, Malik claims that the BOP did not properly provide him with First Step Act ("FSA") Earned Time Credits ("ETC"). He asserts that he is entitled to an additional, full year of ETC and therefore should have been released from FCI Loretto to a Residential Reentry Center ("RRC") on May 1, 2022.

Respondent asserted in the Answer (ECF 8) that the Petition should be dismissed because Dr. Malik did not exhaust his administrative remedies. Respondent further asserted that the Petition was not ripe for review because, while Dr. Malik was eligible for ETC, the BOP had not yet calculated the exact amount of ETC he would receive.

Dr. Malik filed numerous supplements to the Petition. (*See* ECF 11, 12, 13, 15, 16, 17, 18, 20.) Then, in April 2023, Dr. Malik notified the Court that the BOP transferred him from FCI Loretto to an RRC. (*See* ECF 20, 21, 23.) Dr. Malik explained that on March 25, 2023, the BOP provided him with an updated FSA time credit assessment sheet "which…finally awarded [him] the 735 days of [ETC]" he "is entitled to by law." (ECF 20 at 1.) Dr. Malik alleges that since the BOP should have released him to an RRC in May 2022, the BOP kept him incarcerated at FCI Loretto "almost one year beyond his outdate [of May of 2022.]" (ECF 20 at 1-2.) As relief, Dr. Malik requests an order from the Court "in the amount of U.S. $2,500/day payable to [him]." (*Id.* at 2.)

At the Court's directive, the parties filed supplemental briefing to address whether the Petition was now moot since Dr. Malik received the ETC to which he claimed to be entitled under the FSA. (ECF 26, 27, 28.)

## II.    Discussion

The purpose of a writ of habeas corpus is to challenge the legal authority under which a prisoner is held in custody. *See, e.g.*, *Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). 28 U.S.C. § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Cardona v. Bledsoe*, 681 F.3d 533, 535 (3d Cir. 2012); *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 243 (3d Cir. 2005) (defining "execution of" the sentence to mean "'put into effect' or 'carry out.'").

It is a well-established principle that federal courts do not have jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III, § 2, of the Constitution. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "'To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009) (emphasis added) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990), which cited *Allen v. Wright*, 468 U.S. 737, 750-51 (1984) and *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 471-73 (1982)). "The case or controversy requirement continues through all stages of federal judicial proceedings, trial and appellate, and requires that parties have a personal stake in the outcome." *Id.* (citing *Lewis*, 494 U.S. at 477-78). Thus, if developments occur during the litigation that eliminate a petitioner's personal stake in the outcome of a suit or prevent a court from being able to grant effective relief, the case must be dismissed as moot. *Id.* at 147-48; *Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013).

That is the case here. In March 2023, the BOP recalculated Dr. Malik's ETC under the FSA and in April 2023 it released him to an RRC. The BOP awarded Dr. Malik all of the ETC that he could receive. (*See* ECF 20 at 1; *see also* ECF 26, Resp's Ex. 1, ECF 26-1, Decl. of J. Kerr ¶ 2 (explaining that the BOP applied the maximum 365 days of ETC to Dr. Malik's sentence). Thus, there is no relief that the Court can provide to Dr. Malik and this habeas case is now moot. *Spencer*, 523 U.S. at 18 ("[M]ootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so.").

In his supplemental brief, Dr. Malik notes that he "is uncertain as to how" the BOP calculated how long he would be housed in an RRC and asserts that "he is entitled to a minimum of 10 months RRC/Home Confinement (HC) placement under the Second Chance Act." (ECF 27 at 1.) However, at this stage of the litigation, Dr. Malik cannot amend his Petition by raising new claims in a supplemental brief. *See* Fed. R. Civ. P. 15(a)(2). Moreover, even if the Court could consider such a claim, Dr. Malik has not demonstrated that he exhausted his administrative remedies with respect to a claim challenging the BOP's calculation as to how long he will be housed at an RRC or to home confinement under the Second Chance Act. Therefore, any such claim would be subject to dismissal for failure to exhaust. *See, e.g.*, *Vasquez v. Strada*, 684 F.3d 431, 433 (3d Cir. 2012) (petitioner was required to exhaust administrative remedies before filing a habeas petition seeking an order directing the BOP to provide him with the maximum amount of RRC placement available under the Second Chance Act) (citing *Moscato v. Federal Bureau of Prison*s, 98 F.3d 757, 760 (3d Cir. 1996)); *Sutton v. Moser,* No. 2:19-CV-210, 2019 WL 2743959, at *3 (W.D. Pa. July 1, 2019).

Finally, as noted above, Dr. Malik now asserts that he is entitled to money damages in the amount of $2,500 per day for each day he contends he should have been placed in an RRC instead

of housed at FCI Loretto. (ECF 20 at 2.) Money damages are not available in a habeas proceeding, however. *See, e.g.*, *Marine v. Quintana*, 347 F. App'x. 736 (3d Cir. 2009).

**III.    Conclusion**

Based on all of the foregoing, the Court will dismiss the Petition because it is moot.[2] An appropriate Order follows.


Dated:  July 5, 2023                              /s/ Patricia L. Dodge
                                                  PATRICIA L. DODGE
                                                  United States Magistrate Judge

---

[2] Federal prisoner appeals from the dismissal of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. *United States v. Cepero*, 224 F.3d 256, 264-65 (3d Cir. 2000), abrogated on other grounds by *Gonzalez v. Thaler*, 565 U.S. 134 (2012). The Court therefore makes no certificate of appealability determination in this case.